IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HOWELL,<br>          Petitioner,<br><br>   vs.<br><br>MARIROSA LAMAS,<br>SUPERINTENDANT AT S.C.I.<br>ROCKVIEW; THE ATTORNEY<br>GENERAL OF THE COMMONWEALTH<br>OF PENNSYLVANIA; THE DISTRICT<br>ATTORNEY OF THE COUNTY OF<br>ALLEGHENY,<br>          Respondents. | Civil Action No. 12-884<br>Judge David Stewart Cercone/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 21 |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by the District Attorney of Allegheny County, ECF No. 21, based upon the AEDPA statute of limitations be denied without prejudice to raising the statute of limitations in the Answer and addressing Petitioner's arguments concerning tolling as well as addressing the impact of Magwood v. Patterson, 561 U.S. 320 (2010), if any, to this case.

**II. REPORT**

Joseph Howell ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 5. Respondents have filed a Motion to Dismiss, asserting that Petitioner failed to file his Petition within one year of his conviction becoming final (the "Motion to Dismiss"). ECF No. 21. Petitioner was ordered to respond to the Motion to Dismiss and he complied by filing his Response, contending that his Petition was timely filed and invoking, *inter alia*, entitlement to tolling. ECF No. 24.

The Motion to Dismiss should be denied for at least two reasons. First, because it is unclear from the present filings whether Petitioner is entitled to tolling of the AEDPA statute of limitations, the Motion to Dismiss should be denied. Secondly, because it is not clear that Petitioner's conviction became final when the Respondents contended it became final, given that Petitioner was apparently resentenced, the Motion to Dismiss should be denied. The denial of the Motion to Dismiss should be without prejudice to the Respondents raising the statute of limitations in the Answer and addressing these two identified issues.

**A. Respondents Have Failed to Show that Petitioner is not Entitled to Tolling.**

In his Response, Petitioner claims that he is entitled to both statutory and equitable tolling of the AEDPA statute of limitations. Petitioner contends that his PCRA petition was pending from February 15, 2006, until June 6, 2012. On February 15, 2006, he filed his PCRA Petition (the "First PCRA Petition"). The PCRA trial court denied relief and then Petitioner filed a reinstated appeal to the Pennsylvania Superior Court from the PCRA trial court's order. The Superior Court affirmed the denial of PCRA relief in most respects but did order the PCRA trial court to correct Petitioner's sentence by vacating Petitioner's robbery sentence.

Petitioner was convicted of, *inter alia*, second degree murder, also known as felony murder, and robbery. Petitioner was sentenced to life in prison for the second degree murder conviction. ECF No. 21-1 at 38. Petitioner was also sentenced to a consecutive period of 10 to 20 years of incarceration for the robbery conviction, which formed the predicate felony of the felony murder conviction. Under the Pennsylvania legal doctrine of "merger" the second degree murder conviction "merges" with the robbery conviction and Petitioner cannot be sentenced for both the robbery conviction and the second degree murder conviction. ECF No. 22-1 at 9. On August 28, 2007, the Superior Court issued an order affirming the denial of PCRA relief but

remanded the case to the PCRA trial court for the sole purpose of the PCRA trial court vacating the robbery conviction. Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court which was denied on March 25, 2008.

Notwithstanding the Superior Court's order remanding the case to the PCRA trial court to vacate Petitioner's sentence for the robbery conviction, the PCRA trial court failed to do so. Consequently, on May 21, 2012, Petitioner filed a Writ of Mandamus with the Superior Court, seeking an order directing the PCRA trial court to obey the Superior Court's prior order to vacate Petitioner's robbery sentence. The Superior Court granted the writ on May 24, 2012. The PCRA trial court complied with the Superior Court's issuance of the mandamus and vacated Petitioner's robbery sentence on June 6, 2012.

Meanwhile, Petitioner filed a second PCRA Petition, on April 30, 2012. On June 20, 2012, the PCRA trial court dismissed the Petition as time barred. On August 23, 2012, the Superior Court affirmed.

Petitioner contends that his First PCRA Petition was pending from the time he filed it on February 15, 2006 until June 6, 2012, the date the PCRA trial court vacated his robbery sentence. Accordingly, Petitioner contends that he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for this entire time period because he had a pending PCRA petition. The Respondents did not file a reply to Petitioner's Response and so we do not have the benefit of their position as to whether the First PCRA petition was pending during this entire time. Petitioner's arguments are sufficient to give us doubt as to whether the Respondents carried their burden to show that the Petition should be dismissed as time barred. Hence, the Motion to Dismiss should be denied, albeit without prejudice to the Respondents raising the statute of

limitations defense in their Answer and addressing Petitioner's arguments with regards to both his statutory tolling arguments as well as to his equitable tolling arguments.

**B. Respondents Do Not Address the Significance of <u>Magwood v. Patterson</u>.**

Respondents contend that Petitioner violated the AEDPA one year statute of limitations because he did not file this habeas Petition within one year of his conviction becoming final as required by 28 U.S.C. § 2244(d)(1) (i.e., the "day on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). The potential difficulty with the position of the Respondents is that they contend Petitioner's judgment became final during the pendency of the Petitioner's First PCRA Petition which ceased to be pending (according to Respondents) as of March 25, 2008, when the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal and that Petitioner had only one year from March 25, 2008 in which to file the present habeas Petition but that he failed to do so until June 25, 2012.

The difficulty with the Respondents' position is that they do not take into account the June 6, 2012 "resentencing" of Petitioner, when the PCRA trial court vacated Petitioner's sentence for the robbery conviction. There is a possibility that Petitioner's conviction did not become final until 30 days after June 6, 2012 "resentencing" of Petitioner. We place "resentencing" in quotes because we do not decide herein whether Petitioner was indeed "resentenced" within the meaning of <u>Magwood</u> or other cases construing <u>Magwood</u>.

In <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010), the United States Supreme Court, construing a section of the AEDPA that concerns second or successive Section 2254 petitions, found that where the habeas petitioner therein had been resentenced, the second habeas petition, filed by that habeas petitioner was not "second or successive" within the meaning of the AEDPA

because there was a new "judgment," i.e., the resentencing order and, the second habeas petition was really a first habeas petition attacking that new judgment. While Magwood may not necessarily control the issue of when Petitioner's judgment of conviction became final for purposes of the AEDPA statute of limitations, or, while Magwood may be distinguishable from Petitioner's case, there is at least one court that seemingly held that Magwood does have an impact on the AEDPA statute of limitations analysis for purposes of deciding when a conviction becomes final where there is a resentencing. See, e.g., Johnson v. Howe, No. 1:10-cv-537, 2010 WL 3398878, at *1 (W.D. Mich. Aug. 27, 2010) ("The effect of the resentencing, however, was not to toll the limitations period, but rather to restart it pursuant to § 2244(d)(1)(A) as of the date his resentencing became final, on or about July 27, 2009, ninety days after his application for leave to appeal that judgment to the Michigan Supreme Court was denied. *See Magwood v. Patterson*, — U.S. —, 130 S.Ct. 2788, 2800, —— L.Ed.2d —— (2010) ('the existence of a new judgment is dispositive').").  But cf. White v. United States, 754 F.3d 834 (7th Cir. 2014) (a mere sentence reduction pursuant to a retroactive change in sentencing guidelines does not create a new judgment within the contemplation of Magwood); United States v. Ledesma-Cuesta, 476 F. App'x 412, 412 n.2 (3d Cir. 2012) ("The appellant appears to admit that he seeks to correct his judgment because he believes that this will allow him to proceed anew via 28 U.S.C. § 2255 without having to satisfy the 'second or successive' requirements of 28 U.S.C § 2255(h) and 28 U.S.C. § 2244(b)(3). But *Magwood v. Patterson*, ––– U.S. ––––, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), upon which he relies, involved a *resentencing* leading to a revised state-court judgment. Id. at 2796. He points to no precedential opinion that suggests that the correction of a clerical error serves to either restart the limitations period or negate the existence of a prior attempt at collateral relief."); Knight v. Crews, No. 4:12cv328, 2014 WL 752334, at *2

5

(N.D.Fla., Feb. 25, 2014) ("as Respondent indicates in the motion to dismiss, the state trial court amended Petitioner's judgment by order rendered September 23, 2009, nunc pro tunc June 4, 2001, such amendment corrected the judgment to reflect that Petitioner was found guilty by a jury, rather than having entered a plea of guilty. Petitioner was not resentenced and the amended judgment expressly did not affect any other conditions of the judgment.") (citations to the record omitted).  Compare In re Lampton, 667 F.3d 585 (5th Cir. 2012) (finding no new "judgment" when the District Court vacated part of a sentence during the first Section 2255 proceedings and so the second Section 2255 motion was indeed second or successive, distinguishing Magwood) with Johnson v. U.S., 623 F.3d 41 (2d Cir. 2010) (where the United States Court of Appeals for the Second Circuit vacated a conviction and sentence on double jeopardy grounds in an appeal of a Section 2255 motion and affirmed the judgment of the District Court as modified, the federal prisoner's second Section 2255 motion seeking to attack the modified judgment was not second or successive, following Magwood).  See also Suggs v. U.S., 705 F.3d 279 (7th Cir. 2013) (distinguishing Magwood where the first section 2255 motion successfully challenged the calculation of the sentence but failed to disturb the conviction, and finding that a second Section 2255 motion filed by a federal prisoner which challenged the underlying conviction again as opposed to the new sentence to be second or successive).  Contra Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012).  The United States Court of Appeals for the Third Circuit does not yet appear to have decided these issues as of the date of this Report and Recommendation.[1]

---

[1] Respondents are cautioned that they must address the proper construction of the AEDPA statute of limitations and what constitutes a "judgment" for the purposes of that statute as opposed to the Pennsylvania Supreme Court's construction of the PCRA statute. Lesko v. Wetzel, No. 11-1049, 2012 WL 1111226, at *9 to *10 (W.D.Pa. April 2, 2012).

In light of the foregoing, the Motion to Dismiss should be denied, again though, without prejudice to the Respondents raising the statute of limitations in their Answer and addressing the significance of Magwood, if any, to the statute of limitations defense.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Motion to Dismiss filed by the Respondents be dismissed without prejudice to raising the statute of limitations defense in their Answer and addressing the issues raised herein.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: May 5, 2014

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable David S. Cercone
United States District Judge

Joseph Howell
FS-7695
SCI Rockview
Box A
Bellefonte, PA 16823-0820

All counsel of record via CM-ECF